UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NACIO SYSTEMS, INC.,     No. 08-10078

            Debtor(s).
_____/

NACIO INVESTMENT GROUP, LLC,

            Plaintiff(s),

    v.     A.P. No. 08-1098

NACIO SYSTEMS, INC.,

            Defendant(s).
_____/

Memorandum re Security Interest of Donahue Gallagher Woods LLP
_____

      In 2002, a company known as Nacio Systems, Inc., a California corporation ("Nacio California"), filed an Chapter 11 petition in this court. That case culminated in a confirmed plan of reorganization in 2003. In 2005, the reorganized Nacio California entered into an asset purchase agreement by which it transferred all of its assets to the current debtor, a Nevada corporation which also took the name Nacio Systems, Inc. To avoid confusion, the court refers to this corporation as "Nacio Nevada." Nacio Nevada also assumed all of Nacio California's obligations. Nacio Nevada is

1

1 the Chapter 11 debtor in this case, and is the defendant and cross-claimant in this adversary
2 proceeding.

3 This adversary proceeding seeks to establish the validity of liens on the Nacio Nevada's assets.
4 Now before the court is Nacio Nevada's attack on the validity of a security interest it granted to its
5 former law firm, Donahue Gallagher Woods LLP ("DGW"). Nacio Nevada granted the security
6 interest in order to continue to receive legal services from DGW despite overdue bills from DGW for
7 services rendered to both Nacio California (whose debts Nacio Nevada assumed) and Nacio Nevada
8 itself.

9 Despite considerable bluster, there is but one simple issue in this dispute: whether delivery of a
10 security interest to the client by itself, without any additional disclosure or explanation, meets the
11 requirement of Rule 3-300(A) of the California Rules of Professional Conduct.[1] That rule requires that
12 an attorney taking a security interest in a client's assets fully disclose its terms "in writing to the client
13 in a manner which should reasonably have been understood by the client."

14 The court has ruled in a prior case that where the client is a consumer and the security interest
15 is taken in the client's home much more than transmittal of the security document is required to
16 constitute proper disclosure. See *Taylor v. Kane,* 2005 WL 3078991(N.D.Cal. 2005). Neither side
17 has cited a case involving a business client, nor has the court found one.

18 An attorney who takes a security interest in a client's property has a duty to explain the
19 transaction fully to the client. *Fletcher v. Davis*, 33 Cal.4th 61, 71 (2004). DGW is less than
20 forthright with the court in finessing the fact that it undertook no explanation whatsoever. It is also
21 dead wrong in its assertion that requiring a separate writing explaining the terms of the transaction
22 "contravenes the plain language of Rule 3-300(A)." To the contrary, that is exactly what is required in

---

[1]The court finds that the terms of DGW's security interest are fair and reasonable, that DGW properly advised Nacio California in writing of its right to seek outside legal advice and was given a reasonable opportunity to seek that advice, and that Nacio California thereafter consented in writing to the terms of the security agreement. Accordingly, adequacy of disclosure is the only issue.

2

almost every instance.

However, in this case the record makes it clear that Nacio Nevada fully understood the nature of a security interest and its consequences. It had entered into a detailed purchase agreement with Nacio California to acquire its assets while assuming its debts, necessitating a full due diligence investigation of security interests Nacio California had granted. In addition, Nacio Nevada had itself granted security agreements and was clearly well-versed in their effect to make an intelligent decision without the need of additional explanation.

The court believes that the terms of a security agreement are sufficient disclosure by an attorney only in the very narrow situation where the client is a sophisticated business client already very familiar with the nature of a security interest and the security interest being granted to the lawyer by the client is in no way unusual or different from those already clearly understood by the client. Only in these narrow circumstances is the security agreement itself considered adequate disclosure, as only in these circumstances is disclosure made in a manner which is reasonably understandable by the client. Therefore, despite strong disagreement with DGW's interpretation of Rule 3-300(A), the court will enter a judgment in favor of DGW and declaring that its security agreement is enforceable. Consistent with prior rulings, the court will enter a single judgment when all issues have been adjudicated.

Dated: June 17, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

3